UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 3:21-CR- 129-TAV-HBG |
| v. | ) | |
| | ) | JUDGE Thomas A. Varlan |
| DAVID BRUCE COFFEY | ) | |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, David Bruce Coffey, and the defendant's attorney, Gregory P. Isaacs, have agreed upon the following:

1. The defendant will waive indictment and arraignment and plead guilty to an information charging the defendant with the following offenses:

    a) Count 1. On or about September 14, 2016, within the Eastern District of Tennessee, the defendant, DAVID BRUCE COFFEY, knowingly and intentionally distributed and dispensed a quantity of pills containing oxycodone, a Schedule II controlled substance, outside the course of professional practice and not for a legitimate medical purpose, all in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

The punishment for this offense is as follows: a term of imprisonment of up to twenty (20) years, a fine of up to $1,000,000, a minimum mandatory term of supervised release of three (3) years up to life, and a mandatory $100 special assessment.

    b) Count 2. On or about October 5, 2016, within the Eastern District of Tennessee, the defendant, DAVID BRUCE COFFEY, did knowingly engage in a monetary transaction affecting interstate commerce in criminally derived property of a value greater than $10,000, that is, the deposit of $12,371.03 via check number 15036 drawn on a Citizens First Bank

account held by Coffey Family Medical Clinic, and such funds having been derived from specified unlawful activity, that is, the unlawful distribution and dispensation of controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), all in violation of 18 U.S.C. § 1957.

The punishment for this offense is as follows: a term of imprisonment of up to ten (10) years, a fine of up to the greater of $250,000 or twice the value of the criminally derived property involved in the transaction, a period of supervised release of up to three (3) years, and a mandatory $100 special assessment.

2. The United States agrees not to further prosecute the defendant in the Eastern District of Tennessee or the Eastern District of Kentucky for any other non-tax criminal offenses committed by the defendant related to the charges contained in the information.

3. The defendant has read the information, discussed the charges and possible defenses with defense counsel, and understands the crimes charged. Specifically, the elements of the offenses are as follows:

a) As to Count 1, the elements to be proven beyond a reasonable doubt are (1) that the defendant distributed or dispensed a quantity of pills containing oxycodone, a Schedule II controlled substance, (2) that the defendant acted intentionally or knowingly, and (3) that the defendant prescribed the drug without a legitimate medical purpose and outside the course of professional practice.

b) As to Count 2, the elements to be proven beyond a reasonable doubt are that the defendant (1) knowingly engaged in a monetary transaction, (2) the monetary transaction was in property derived from specified unlawful activity, (3) the property had a value greater than $10,000, (4) the defendant knew that the transaction was in criminally derived property, and (5) the monetary transaction took place within the United States.

2

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

a) The defendant worked with others to illicitly distribute controlled substances outside the course of professional practice and without a legitimate medical purpose. Using his status as a medical doctor and registrant with the Drug Enforcement Administration ("DEA"), the defendant would provide pre-signed prescriptions for controlled substances, including oxycodone and hydrocodone, to others at Coffey Family Medical Clinic ("CFMC") in Oneida, Tennessee for the purpose of furnishing the prescriptions to putative patients in exchange for payments. These pre-signed prescriptions were issued outside the course of professional practice and not for a legitimate medical purpose. The defendant knowingly caused one of these pre-signed prescriptions for 60 oxycodone 15 milligram pills to be issued to a putative patient without a legitimate medical purpose on or about September 14, 2016. The defendant knew at the time that oxycodone was a controlled substance.

b) The defendant also illicitly distributed controlled substances outside the course of professional practice by providing prescriptions directly to putative patients at CFMC without establishing a legitimate medical need for the prescriptions. This included issuing controlled-substance prescriptions after spending less than one minute with the putative patient and conducting no physical exam.

3

c) As part of the same course of conduct as Count 1, the defendant distributed a quantity of pills containing controlled substances that is the equivalent of more than 700 kilograms but less than 1,000 kilograms of marijuana.

d) Because the defendant abused the trust the public placed in him as a medical doctor and holder of a DEA license allowing him to prescribe controlled substances, and the abuse of such trust significantly facilitated the commission of his offense, the defendant agrees that his offense level should be increased 2 levels under Section 3B1.3 of the United States Sentencing Guidelines.

e) On or about October 5, 2016, the defendant caused a check in the amount of $12,371.03 from a CFMC account at Citizens First Bank ending in xx449 to be deposited into a personal checking account he jointly held with his wife. The money transferred by check was derived from specified unlawful activity, namely, the illicit distribution and dispensation of controlled substances at CFMC, and the defendant knew this fact. This transaction occurred in the United States, in the Eastern District of Tennessee.

f) From 2012 to 2018, funds that the defendant received from the operation of CFMC and the operation of Mark's Family Pharmacy constituted proceeds of drug trafficking and money laundering. The defendant was co-owner of Mark's Family Pharmacy, which was located in the same building as CFMC and regularly filled prescriptions issued from CFMC outside the course of professional practice.

5. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

a) the right to be indicted by a grand jury for these crimes;

b) the right to plead not guilty;

4

c) the right to a speedy and public trial by jury;

d) the right to assistance of counsel at trial;

e) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

f) the right to confront and cross-examine witnesses against the defendant;

g) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

h) the right not to testify and to have that choice not used against the defendant.

6. The defendant waives any defense or argument regarding the conduct charged in Counts 1 and 2 of the Information and admitted in Paragraph 4 herein falling outside the statute of limitations. The defendant has been advised of this potential affirmative defense, which he freely and knowingly waives.

7. The parties agree that the appropriate disposition of this case would be the following as to each count:

a) The Court may impose any lawful terms of imprisonment, any lawful fines, and any lawful terms of supervised release up to the statutory maximums, and the parties agree to recommend that the Court impose a fine of $500,000;

b) The Court will impose special assessment fees as required by law; and

c) The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's

5

guilty plea. The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

8. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offenses, including violations of conditions of release or the commission of any additional offenses prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

9. The defendant agrees to pay the special assessment in this case prior to sentencing.

10. The defendant agrees that he will not contest the administrative and/or judicial forfeiture of any and all assets and property, or portions thereof, subject to forfeiture as proceeds of drug-trafficking and/or money-laundering offenses in violation of 21 U.S.C. § 841(a)(1) and/or 18 U.S.C. §§ 1956, 1957 which are in the possession or control of the defendant or the defendant's

6

nominees, or were in such possession until seizure by the United States and/or any and all assets and property, or portions thereof, subject to forfeiture as property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 or 1957, including but not limited to the forfeiture of the following properties currently subject to a civil judicial forfeiture proceeding in the Eastern District of Kentucky (civil action no. 6:19-cv-305):

- a) Funds seized from Citizen First Bank account #xx449, in the amounts of $168,991.67 and $322,350.70;
- b) Funds seized from Citizens First Bank account #xx813 in the amount of $37,008.97;
- c) Funds seized from Citizens First Bank account #xxx679 in the amount of $100,296.83;
- d) Funds seized from Citizens First Bank account #xx355 in the amounts of $164,567.04 and $25,960.93;
- e) Funds seized from Citizens First Bank account #xxx378 in the amount of $256.20;
- f) Funds seized from Citizens First Bank account #xx813 in the amount of $2,328.37;
- g) Funds seized from Citizens First Bank account # xxxxx463 in the amount of $640,754.79;
- h) Funds seized from Regions Bank account #xxxxxx840 in the amount of $26,091.33;
- i) Funds seized from First National Bank account #xxx687 in the amounts of $48,191.16 and $795.16;
- j) $9,150.00 in United States currency;
- k) $40,396.75 in United States currency;
- l) A 2014 Mercedes-Benz GL450, VIN 4JGDF7CE4EA286609; and
- m) A 2014 Mercedes-Benz GL450, VIN 4JGDF7CE6EA306150.

The defendant acknowledges that a nexus exists between the above-identified properties and criminal conduct as the above-identified properties constitute or are derived from proceeds traceable to drug-trafficking or money-laundering offenses in violation of 21 U.S.C. § 841(a)(1) and/or 18 U.S.C. §§ 1956, 1957 and/or were involved in money-laundering offenses in violation of 18 U.S.C. § 1956, 1957. The defendant further agrees to assist the United States fully in the identification, recovery, and return to the United States of any other assets or portions thereof subject to forfeiture. The defendant further agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those which are held or controlled by a nominee. The defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees to waive all rights to contest, and will not object to, or otherwise submit a claim in, any administrative or judicial forfeiture proceedings brought against these properties and to withdraw any claims he has made against the forfeiture of these properties in any jurisdiction. The defendant further agrees to waive all seizure, noticing, and timing requirements set forth in 18 U.S.C. § 983 related to the seizure and forfeiture of these properties. The defendant agrees to take all such steps to locate such property and to pass title to the United States before the defendant's sentencing.

11. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the

8

Case 3:21-cr-00129-TAV-HBG   Document 2   Filed 11/16/21   Page 8 of 12   PageID #: 11

authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

12. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to

9

the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a) The defendant will not file a direct appeal of the defendant's conviction(s) or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's convictions or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

13. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter

guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea in this case.

14. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

15. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

11/15/2021
Date

FRANCIS M. HAMILTON III
ACTING UNITED STATES ATTORNEY

By: *[signature]*
Gregory Rosenberg
Special Assistant United States Attorney

10-5-21
Date

*[signature]*
David Bruce Coffey
Defendant

10-5-21
Date

*[signature]*
Gregory P. Isaacs
Attorney for the Defendant